**FILED**
APR 0 4 2002
~~~~~~ CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| ALICE TORRES, | ) | CIV. 01-5056 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| BEVERLY ENTERPRISES, INC.; | ) | |
| TRAVELERS INSURANCE COMPANY; | ) | |
| INSURANCE COMPANY OF THE STATE | ) | |
| OF PENNSYLVANIA; and | ) | |
| CONSTITUTION STATE SERVICES, | ) | |
| formerly known as CONSTITUTION | ) | |
| STATE SERVICE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

Pending before this Court is Defendants' Motion for Protective Order [doc. #12] and the Plaintiff's Motion to Compel [doc. #24]. All briefing has been received and these related matters are now ripe for disposition.

The two pending motions concern the Plaintiff's Interrogatories and First Request for Production of Documents. The Defendants have argued, in essence, that the discovery sought is overly broad and burdensome and that the information sought is irrelevant to this action. In her motion, the Plaintiff seeks to compel answers to interrogatories, production of document, and for a ruling on objections made during Mike Hickey's deposition.

Since the filing of these motions, the Plaintiff has received permission by this Court to file an Amended Complaint [doc. #40] and add Beverly Enterprises, Inc. as a party. While it is anticipated that the parties will need to meet to establish new

deadlines for this action, the addition of Beverly will have no impact on the pending motions and may help advert future discovery controversy once Beverly has answered the Amended Complaint. Therefore, this Court will resolve these two motions together.

After careful examination of the Plaintiff's Interrogatories and Request for Production of Documents, the Amended Complaint, the Defendants' Answer and the briefing of the parties, this Court finds that the information sought is relevant to this action and that the burden to produce the requested information is not unwarranted or excessive. It is apparent that the required information is regularly kept in the ordinary course of business and is easily accessible. The Defendants' have failed to establish good cause to limit the discovery requested, therefore, the Defendants' shall be required to produce the information sought with the exception of claimed privileged material from the Request for Production of Documents 1 through 7, inclusive, and 55 through 57, inclusive. It appears that the Defendants' have adequately complied with the Plaintiff's Requests for Production ## 1-7 and 55-57 and further discovery is not warranted at this time.

Turning to the Plaintiff's Motion to Compel, the following questions arise: (1) whether the information sought could reasonably lead to relevant information; (2) whether any of the information is privileged; and, (3) whether production of the information sought is unduly burdensome. Based upon the

2

allegations in the Amended Complaint, this Court finds that the information sought by Plaintiff's Interrogatories 5, 7, 10-13, and Request for Production of Documents 12, 33, 34, 36-49, and 52-54, could reasonably lead to relevant evidence and is not protected by any privilege. The Defendants have failed to establish by any means that producing the information sought is unduly burdensome, therefore, this issue is non-existent.

This action is premised upon the allegation that policies and procedures of the Defendants have produced the torts in question. Decisions regarding discovery are well within the sound discretion of the District Court. Any information that is discovered which is not relevant, or is subject to some other exclusion, can be dealt with by a motion in limine at the time of trial. Accordingly, it is hereby

**ORDERED** that the Defendants' Motion for Protective Order [doc. #12] is **DENIED**, however, the Defendant does not have to produce any further documentation associated with Plaintiff's Request for Production of Documents ## 1-7, inclusive, and 55-57, inclusive.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Compel [doc. #24] is **GRANTED**.

Dated this 4th day of April, 2002.

BY THE COURT:

_____
ANDREW W. BOGUE
SENIOR UNITED STATES DISTRICT JUDGE