FILED

JAN 07 2003

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| ALICE TORRES | ) | CIV. 01-5056 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM IN SUPPORT OF |
| | ) | PLAINTIFF'S THIRD |
| TRAVELERS INSURANCE COMPANY; | ) | MOTION TO COMPEL DISCOVERY |
| INSURANCE COMPANY OF THE STATE | ) | |
| OF PENNSYLVANIA; and | ) | |
| CONSTITUTION STATE SERVICES, | ) | |
| formerly known as CONSTITUTION STATE | ) | |
| SERVICE COMPANY. | ) | |
| | ) | |
| Defendants. | ) | |

The matters at issue fall into three categories: first, how defendant Constitution State Services, (who is represented by Patricia A. Meyers, and who is hereinafter referred to simply as "CSS") misinterprets the record so as to prevent plaintiff from receiving most of the discovery previously ordered by the court; second, how the same defendant still has not responded to other discovery requests previously ruled on by the court; and third, defendant Beverly Enterprises's failure to respond to discovery at all.

I. MISINTERPRETATION OF RECORD BY TRAVELERS, OR, A TALE OF TWO MOTIONS

On November 14, 2001, CSS served responses to Torres' First Set of Interrogatories and First Request for Production of Documents. The same day, CSS served a motion for protective order. CSS's brief in support of the motion for protective order sought relief from requests for production 2 (brief p. 11), 8-12 (brief p. 7 and 8), 13-15 (brief p. 8 and 9), 16-24 (brief p. 7), 25 (brief p. 5 and 8),

1

Torres v. Beverly Enterprises, Inc. *et al.*  Civ. 01-5056

Memorandum in Support of Plaintiff's Third Motion to Compel Discovery

26-31 (brief p. 5), 32-49 (brief p. 7), 50 (brief p. 8 and 9), 51 (brief p. 8), and 52-54 (brief p. 7), as well as 1-7 (brief p. 9) and 55-57 (brief p. 9).

Torres responded on January 11, 2002, with (1) a 26 page brief opposing CSS's motion for protective order, and (2) a separate motion to compel, with a separate 17 page brief, on three matters (interrogatories 5, 7, 10, 11, 12, and 13, requests for production 12, 33, 34, 36-49, and 52-54, and the deposition of Mike Hickey).

CSS filed a separate Reply Brief on Motion for Protective Order (dated January 22) and a Resistance to Plaintiff's Motion to Compel (dated January 25). Torres served separate replies dated February 4.

On April 4, the court decided both motions. The court ruled:

1. CSS's motion for protective order was denied. The court stated: "the Defendants' shall be required to produce the information sought with the exception of claimed privileged material from the Request for Production of Documents 1 through 7, inclusive, and 55 through 57, inclusive."

2. Plaintiff's motion to compel was granted.

CSS did not comply with the court order. On October 10, Torres served Plaintiff's Second Motion to Compel Discovery, and attached the letters plaintiff sent Ms. Meyers on July 18 and August 23 asking her to comply with the court order. Torres asked the court to order CSS "to comply with the Court's previously entered Discovery Order."

2

Torres v. Beverly Enterprises, Inc. *et al.*                                                                                           Civ. 01-5056

Memorandum in Support of Plaintiff's Third Motion to Compel Discovery

On November 18, the Court entered an order stating: "it is hereby ORDERED that the Plaintiff's Second Motion to Compel [doc. #53] is GRANTED. The Defendants shall produce the requested discovery materials by November 29, 2002."

On November 20, CSS filed (untimely) a document titled "Defendants' Response to Plaintiff's Second Motion to Compel." This document <u>totally ignores most requests covered by CSS's Motion for Protective Order, and addresses only those matters covered by Plaintiff's [First] Motion to Compel. In other words, CSS takes the position that it need not produce anything with respect to most of the matters addressed by its motion for protective order.</u> (The only paragraphs of plaintiff's request for production that CSS responds to are 12, 33, 34, 36-38, 45, 48, 49, and 53.)

The net result is that plaintiff's original requests for production 2, 8-11, 13-15, 16-24, 25, 26-31, 32, 35, 39-44, 46-47, 50, 51, 52, and 54 have never been answered, even though CSS's motion for protective order was denied.

CSS's position would make sense if the Court had <u>granted</u> its motion for protective order. The Court <u>denied</u> the motion for protective order. CSS takes the position that it can <u>ignore</u> the Court order denying the motion for protective order.

On December 18, after returning from an extended trip, plaintiff wrote Ms. Meyers stating, in the most diplomatic language possible: "Pat, I compared the documents you have provided with the order entered months ago by Judge Bogue. I think that there has been a misunderstanding. You have apparently addressed the request for documents which were the subject of my motion to compel.

3

Torres v. Beverly Enterprises, Inc. *et al.*       Civ. 01-5056

Memorandum in Support of Plaintiff's Third Motion to Compel Discovery

However, you have not addressed documents for which you sought a protective order, and for which Judge Bogue overruled the protective order. If you go back and review those pleadings, you will see that those were two separate motions, and were dealt with separately in the briefs and in Judge Bogue's order. For instance, the personnel files were one of the areas covered by your request for a protective order, for which Judge Bogue overruled and ordered production of the documents, and yet there has been no production of those documents. Furthermore, those documents were not addressed in your recent submissions to Judge Bogue." (Copy attached).

CSS has not responded to this letter.

Plaintiff asks the court to set a date certain for production of those materials.

II.     REFUSAL OF CSS TO RESPOND TO SOME OTHER DISCOVERY REQUESTS PREVIOUSLY RULED ON BY THE COURT

CSS has still failed to answer interrogatories 5, 7, 10, 11, and 13. The Court specifically ordered CSS to answer these interrogatories on April 4, 2002, and again on November 18, when the court set a deadline of November 29 for compliance.

CSS's Response to Plaintiff's Second Motion to Compel, dated November 20, 2002 (two days after the court order of November 18) says that CSS has previously answered interrogatories 5 and 7. Plaintiff has no record of having received any such material.

CSS has still not answered interrogatories 10, 11, and 13, nor claimed that it has.

CSS should be ordered to answer interrogatories 5, 7, 10, 11, and 13.

4

Torres v. Beverly Enterprises, Inc. *et al.*  Civ. 01-5056

Memorandum in Support of Plaintiff's Third Motion to Compel Discovery

### III. BEVERLY ENTERPRISES' FAILURE TO RESPOND TO DISCOVERY

On August 22, 2002, plaintiff served Beverly Enterprises ("Beverly") with a Second Request for Production of Documents, replacing a First Request for Production served a week earlier.

Beverly still has not responded. Plaintiff wrote their attorney, Mr. Anderson, about the non-response on November 25 and December 18 (copies attached). No documents have been received, and no date has been given by which the documents will be received.

Plaintiff believes Mr. Anderson is acting in good faith, but that without a court order setting a date for compliance, the responses will take an unreasonably long time to be made. Plaintiff has already been forced to cancel two different sets of depositions over the past ten months, waiting for document discovery from one or the other defendants in this case because the documents are never produced. Soon, plaintiff will be forced to ask the Court to extend all of the previous deadlines agreed by plaintiff and ordered by the Court, because, due to a lack of compliance with document discovery by defendants, plaintiff still hasn't taken depositions of company officials. Plaintiff therefore asks the Court to set a reasonable date certain for Beverly's responses to Plaintiff's Second Request for Production.

### CONCLUSION

Plaintiff respectfully requests an order as follows:

1. Ordering CSS to answer by a date certain those requests for production for which its motion for protective order was overruled nine months ago, namely 2, 8-12, 13-15, 16-24, 25, 26-31,

5

Torres v. Beverly Enterprises, Inc. *et al.*  Civ. 01-5056

Memorandum in Support of Plaintiff's Third Motion to Compel Discovery

32-49, 50, 51, and 52-54, excluding the paragraphs to which CSS has responded (12, 33, 34, 36-38, 45, 48, 49, and 53). The following paragraphs have not been answered: 2, 8-11, 13-15, 16-24, 25, 26-31, 32, 35, 39-44, 46-47, 50, 51, 52, and 54.

2. Ordering CSS to answer by a date certain interrogatories 5, 7, 10, 11, and 13.

3. Ordering Beverly to respond by a date certain to Plaintiff's Second Request for Production.

Dated this 7 of January, 2003.

By: *Mike Abourezk*

Mike Abourezk
ABOUREZK LAW FIRM
Attorneys for Plaintiff
Post Office Box 9460
117 Knollwood Drive
Rapid City, South Dakota 57709
(605) 342-0097

Torres v. Beverly Enterprises, Inc. *et al.*                                                                                 Civ. 01-5056

Memorandum in Support of Plaintiff's Third Motion to Compel Discovery

## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH DAKOTA
## WESTERN DIVISION

| | | |
|---|---|---|
| **ALICE TORRES** | ) | **CIV. 01-5056-KES** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| **TRAVELERS INSURANCE COMPANY;** | ) | |
| **INSURANCE COMPANY OF THE STATE** | ) | |
| **OF PENNSYLVANIA;** and | ) | |
| **CONSTITUTION STATE SERVICES,** | ) | |
| formerly known as **CONSTITUTION STATE** | ) | |
| **SERVICE COMPANY** | ) | |
| | ) | |
| Defendant. | ) | |

The undersigned hereby certifies that on the **7** day of January, 2003, he mailed a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY** to:

> **Patricia Meyers**
> **COSTELLO, PORTER, HILL, HEISTERKAMP,**
> **BUSHNELL & CARPENTER**
> **PO Box 290**
> **Rapid City, SD 57709**

> **Robert Anderson**
> **May, Adam, Gerdes, & Thompson**
> **PO Box 160**
> **Pierre, SD 57501**

and that the same was provided by United States Mail, postage prepaid.

Mike Abourezk

7