FILED

MAR 17 2003

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| ALICE TORRES | ) | CIV. 01-5056 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | PLAINTIFF'S BRIEF IN SUPPORT OF |
| | ) | FIFTH MOTION TO COMPEL |
| TRAVELERS INSURANCE COMPANY; | ) | DISCOVERY |
| INSURANCE COMPANY OF THE STATE | ) | |
| OF PENNSYLVANIA; and | ) | |
| CONSTITUTION STATE SERVICES, | ) | |
| formerly known as CONSTITUTION STATE | ) | |
| SERVICE COMPANY. | ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTORY STATEMENT

The Court has currently scheduled a hearing on Plaintiff's Fourth Motion to Compel Discovery for March 19, 2003. Meanwhile, Defendant CSS has now filed responses (late) to Plaintiff's third set of document requests. These document requests and responses are not the subject of the hearing that is currently pending.

## ARGUMENT

In Plaintiff's Second Request for Production of Documents, request number 13, Plaintiff asked for copies of the personnel files of:

> "each claim handler, adjuster, team leader, supervisor, manager, claims officer, actuary, or other employee or agent of the Defendants who was responsible for determining, taking action upon, <u>or supervising decisions as to which benefits, and how much, should be paid to the Plaintiff on her claims</u>. In other words, these records should be supplied for each person involved with Plaintiff's claim, as well as <u>any person supervising these persons</u>, as well as any person in the direct chain of command above these

1

Torres v. Beverly Enterprises, Inc. *et al.*  Civ. 01-5056

Plaintiff's Brief in Support of Fifth Motion to Compel Discovery

persons all the way to the top of CSS."

After the Court entered an Order compelling this discovery, CSS did provide copies of the personnel files of the actual claims adjusters involved in Alice's claim. They also provided the file of Mr. David Wiggins, the immediate supervisor. However, <u>they did not provide the claims file of the Claims Unit Manager or any other supervisors above Mr. Wiggins</u>.

The information contained in personnel files is extremely relevant and very informative. For instance, a document placed in Mr. Wiggins' personnel file by Mr. Stankovich, shows that Wiggins is instructed to get more involved in the claims in order to "improve the financial results for Beverly". Exhibit 1 attached hereto. Similarly, the *Best Practices Guide*, produced by CSS after the Court entered its Order Compelling Discovery, tells CSS work comp claim handlers that: "claim resolution through aggressive management and appropriate evaluation leads to lower payout." Exhibit 2, attached hereto. This kind of "pressure from above" on claims handlers for the purpose of squeezing down claims, is precisely the type of evidence that fits with the Plaintiff's theory of this case: that Beverly and CSS are engaged in systematic efforts to minimize claim payments across the board. This evidence may appear in the supervisor's psrsonnel files, as the personnel file of Mr. Wiggins shows.

Remember, CSS claim handlers in this case repeatedly denied Alice's claim with no legitimate basis whatsoever. The expert witness hired by CSS, James Chet acknowledges that CSS auditors had repeated opportunities to correct their denial of this claim, and did not do so. He contends that CSS auditors were "negligent", but that they did not intend to wrongfully deny

Torres v. Beverly Enterprises, Inc. *et al.*  Civ. 01-5056

Plaintiff's Brief in Support of Fifth Motion to Compel Discovery

the claim. Exhibit 3, Report of James Chet. However, when you combine Mr. Chet's observations with the fact that CSS supervisors are putting pressure on their subordinates to "improve the financial results for Beverly", the assertion that unreasonable claim denials are simply isolated incidents and are due to "negligence", rather than intentional acts, suddenly becomes highly questionable.

Therefore, in conjunction with our earlier discovery request No. 13, contained in Plaintiff's First Set of Interrogatories, we ask that CSS provide the personnel files of the other supervisors above David Wiggins, at least to the top of the hierarchy of all those who supervise or have authority over the Beverly Claims Unit.

**PLAINTIFF'S THIRD SET, REQUEST NO. 7:** All documents pertaining to the supervisor's diary of David Wiggins during his employment with the Beverly Unit. This would include, but not be limited to the diary or diaries themselves.

**Response:** Objection, overly broad, vague and ambiguous. Any diary entries relevant to Alice Torres' claim appear in the claim file already produced to Plaintiff.

CSS claims that this request is overly broad, vague and ambiguous. However, CSS knows precisely what is sought here, and where to find it. The *"Best Practices Guide"*, which is CSS's claims manual, and was previously compelled and produced by CSS, <u>specifically requires that supervisors "maintain a diary and periodically review all 'problem' files."</u> Exhibit 3, page 1-3, attached.

Once again, it is the Plaintiff's theory that CSS is engaging in global efforts to reduce Beverly's claim costs, and those efforts help explain the arbitrary refusal to pay Alice Torres' claim. The best place to unearth evidence of these efforts are in the documents which reflect the

3

Torres v. Beverly Enterprises, Inc. *et al.*  Civ. 01-5056

Plaintiff's Brief in Support of Fifth Motion to Compel Discovery

day-to-day activities of those who are supervising claims. These instructions will show up in the daily activity diaries of the supervisors. This is where we will find evidence of the manner in which the supervisors instruct claim handlers to behave, and this is one of the most critical sources of evidence that the company is engaging in systematic efforts to "improve the financial results for Beverly".

**PLAINTIFF'S THIRD SET, REQUEST NO. 8:** All documents related to the Workers Compensation Manual used by or available to the CSS personnel.

**Response:** Objection, vague and ambiguous.

Again, the term Workers Compensation Manual, was taken directly out of the claims manual provided by CSS in response to this Court's Order compelling discovery. At page 2-8 of the *Best Practices Guide*, pertaining to investigation of workers compensation claims. Claims auditors are instructed that: "Additional specifics regarding investigation guidelines can be found in the *Workers Compensation Manual* and must be considered."

We submit that CSS's objection that this request is "vague and ambiguous", is not genuine. CSS knows precisely what is meant by the "*Worker's Compensation Manual*". CSS should be forced to respond, and not hide behind the claimed objection that it doesn't know what is meant by this term, since it is used in their claims manual.

## CONCLUSION

Plaintiff asks that CSS be compelled to respond to each of the following from Plaintiff's Second and Third Request for Production of Documents: Request No. 13 from Plaintiff's Second

4

Torres v. Beverly Enterprises, Inc. *et al.*  Civ. 01-5056

Plaintiff's Brief in Support of Fifth Motion to Compel Discovery

Set of Requests (personnel files of supervisors). Request No. 7 (Supervisor's diary). Request No. 8, (Workers Compensation Manual).

Dated this 14 of March, 2003.

By: _____
Mike Abourezk
ABOUREZK LAW FIRM
Attorneys for Plaintiff
Post Office Box 9460
117 Knollwood Drive
Rapid City, South Dakota 57709
(605) 342-0097

5

Torres v. Beverly Enterprises, Inc. *et al.*                                     Civ. 01-5056

Plaintiff's Brief in Support of Fifth Motion to Compel Discovery

# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH DAKOTA
# WESTERN DIVISION

| | | |
|---|---|---|
| **ALICE TORRES** | ) | CIV. 01-5056-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| **TRAVELERS INSURANCE COMPANY;** | ) | |
| **INSURANCE COMPANY OF THE STATE** | ) | |
| **OF PENNSYLVANIA;** and | ) | |
| **CONSTITUTION STATE SERVICES,** | ) | |
| formerly known as **CONSTITUTION STATE** | ) | |
| **SERVICE COMPANY** | ) | |
| | ) | |
| Defendant. | ) | |

The undersigned hereby certifies that on the 14 day of March, 2003, he mailed a true and correct copy of the foregoing **PLAINTIFF'S BRIEF IN SUPPORT OF FIFTH MOTION TO COMPEL DISCOVERY** to:

> Patricia Meyers
> COSTELLO, PORTER, HILL, HEISTERKAMP,
> BUSHNELL & CARPENTER
> PO Box 290
> Rapid City, SD 57709
>
> Robert Anderson
> May, Adam, Gerdes, & Thompson
> PO Box 160
> Pierre, SD 57501

and that the same was provided by United States Mail, postage prepaid.

Mike Abourezk