FILED
APR 15 2003
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

ALICE TORRES, ) CIV. 01-5056
)
    Plaintiff, )
)
vs. ) ORDER
)
BEVERLY ENTERPRISES, INC; )
TRAVELERS INSURANCE COMPANY; )
INSURANCE COMPANY OF THE STATE )
OF PENNSYLVANIA; and )
CONSTITUTION STATE SERVICES, )
formerly known as CONSTITUTION )
STATE SERVICE COMPANY, )
)
    Defendants. )

Pending before the Court are Plaintiff's Third Motion to Compel Discovery [doc. #60] and Plaintiff's Fifth Motion to Compel Discovery [doc. #70]. To resolve these ongoing discovery disputes, the Court conducted a hearing on March 19, 2003. At the hearing, the Court ruled on numerous disputed issues and reserved decision on several additional requests for production of documents and one interrogatory. By correspondence dated April 8, 2003, the Court was informed that the parties resolved the discovery disputes that were taken under advisement by the Court. Thus, the only remaining issue before the Court concerns the appropriateness of an award of expenses to the Plaintiff pursuant to Fed. R. Civ. P. 37(a)(4)(A).

    Fed. R. Civ. P. 37(a)(4)(A) states:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees,

unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Considering this applicable standard, the Court believes an award of expenses is appropriate.

The Defendant contends that they were justified in their belief that a denial of the original motion for a protective order did not automatically equate to an order requiring them to produce the documents requested by the Plaintiff. This argument is unpersuasive. The Court's Order on April 2, 2002, specifically addressed the Defendant's comprehensive motion for protective order, stating:

> The Defendants' have failed to establish good cause to limit the discovery requested, therefore, the Defendants' shall be required to produce the information sought with the exception of claimed material from the Request for Production of Documents 1 through 7, inclusive, and 55 through 57, inclusive.

The Court believes the language of the order was sufficiently clear. Moreover, any existing confusion should have been alleviated when the Court granted the Plaintiff's second motion to compel on November 18, 2002, which sought an order requiring compliance with the April 2, 2002 Court Order. At the hearing, the Court ruled in favor of the Plaintiff on numerous disputed issues and Fed. R. Civ. P. 37 instructs that under these circumstances an award of her expenses is warranted.

The Defendant also directs the Court's attention to the fact that several of the Plaintiff's requests were narrowed or denied. The Court is confident that the Plaintiff will take this into consideration in preparing and submitting her reasonable expenses for review. Accordingly, it is hereby

ORDERED that any remaining issues related to the Plaintiff's Third Motion to Compel Discovery [doc. #60] not decided at the hearing on this matter are DENIED as MOOT.

IT IS FURTHER ORDERED that Plaintiff's Fifth Motion to Compel Discovery [doc. #70], is DENIED as MOOT.

IT IS FURTHER ORDERED that the Plaintiff shall submit to the Court the expenses related to her Third Motion to Compel Discovery. After review, the Court will order the Defendant to pay a reasonable amount.

Dated this 15th day of April, 2003.

BY THE COURT:

ANDREW W. BOGUE
SENIOR DISTRICT JUDGE