**FILED**

JAN 16 2004



CLERK

## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH DAKOTA
## WESTERN DIVISION

ALICE TORRES,

      Plaintiff,

vs.

TRAVELERS INSURANCE
COMPANY, INSURANCE COMPANY
OF THE STATE OF PENNSYLVANIA,
and CONSTITUTION STATE
SERVICES

      Defendants.

CIV. 01-5056-KES

**PRELIMINARY AND FINAL
INSTRUCTIONS
TO THE JURY**

## TABLE OF CONTENTS

PRELIMINARY INSTRUCTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    NO. 1 – INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    NO. 2 – DEFINITION OF EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    NO. 3 – CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . 7
    NO. 4 – EXPERT WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    NO. 5 – BENCH CONFERENCES AND RECESSES . . . . . . . . . . . . . . . . . 9
    NO. 6 – NOTE-TAKING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    NO. 7 – QUESTIONS BY JURORS . . . . . . . . . . . . . . . . . . . . . . . . . 11
    NO. 8 – CONDUCT OF THE JURY . . . . . . . . . . . . . . . . . . . . . . . . 12
    NO. 9 – OUTLINE OF THE TRIAL . . . . . . . . . . . . . . . . . . . . . . . . 14

FINAL INSTRUCTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
    NO. 1 – INTRODUCTION AND DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . 15
    NO. 2 – BURDEN OF PROOF . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
    NO. 3 – FAIR TREATMENT OF PARTIES . . . . . . . . . . . . . . . . . . . . . . . . . . 17
    NO. 4 – CORPORATE EMPLOYEES . . . . . . . . . . . . . . . . . . . . . . 18
    NO. 5 – LIABILITY OF PARENT CORPORATION . . . . . . . . . . . . . . . . . 19
    NO. 6 – MULTIPLE DEFENDANTS . . . . . . . . . . . . . . . . . . . . . . . 20
    NO. 7 – BAD FAITH – DUTY OF PARTIES . . . . . . . . . . . . . . . . . . . 21
    NO. 8 – ELEMENTS – BAD FAITH . . . . . . . . . . . . . . . . . . . . . . . . 22
    NO. 9 – THIRD PARTY ADMINISTRATOR . . . . . . . . . . . . . . . . . . . 24
    NO. 10 – AGENCY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25
    NO. 11 – WORKERS' COMPENSATION . . . . . . . . . . . . . . . . . . . . 26
    NO. 12 – OTHER INSURANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

NO. 13 – COMPENSATORY DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30
NO. 14 – ATTORNEYS' FEES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31
NO. 15 – MITIGATION OF DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . . . 33
NO. 16 – INTEREST . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34
NO. 17 – PUNITIVE DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35
NO. 18 – ADVERSE INFERENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37
NO. 19 – DUTIES DURING DELIBERATIONS . . . . . . . . . . . . . . . . . . . . . . 38

VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

## PRELIMINARY INSTRUCTION NO. 1 – INTRODUCTION

Ladies and gentlemen:  I shall take a few moments now to give you some initial instructions about this case and about your duties as jurors.  At the end of the trial I shall give you further instructions.  I may also give you instructions during the trial.  Unless I specifically tell you otherwise, all such instructions, both those I give you now and those I give you later, are equally binding on you and must be followed.

Plaintiff, Alice Torres, injured herself while she was employed as a cook at Meadowbrook Manor nursing home, which is owned and operated by Beverly Enterprises.  She notified Beverly of her worker's compensation claim.  Beverly is insured by defendant, Insurance Company of the State of Pennsylvania (ICSP).  ICSP contracts with defendant Constitution State Services (CSS).  CSS is a part of defendant Travelers Insurance Company and provides third-party administrator services for the claims.

Torres' worker's compensation claim was denied as a non-work related injury.  The South Dakota Department of Labor later found that the injury was work related and awarded Torres benefits.  Defendants then paid Torres the entire amount owed under the workers' compensation claim.  Torres now alleges that defendants denied her benefits in bad faith and seeks damages.  Defendants deny the allegations and allege that Torres has suffered no harm because she has received all the benefits to which she is entitled.

3

From the evidence, you will decide what the facts are.  You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence.  You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts, but you must follow the law as stated in my instructions, whether you agree with it or not.

Do not allow sympathy or prejudice to influence you.  The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

PRELIMINARY INSTRUCTION NO. 2 – DEFINITION OF EVIDENCE

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses, documents and other things received as exhibits, any facts that have been stipulated--that is, formally agreed to by the parties, and any facts that have been judicially noticed--that is, facts which I say you may, but are not required to, accept as true, even without evidence. Certain things are not evidence. I shall list those things for you now:

1.      Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2.      Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.      Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

4.      Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for

any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

During the trial, certain evidence may be presented to you by deposition. The witness testified under oath at the deposition, just as if the witness were in court, and you should consider this testimony together with all other evidence received.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

PRELIMINARY INSTRUCTION NO. 3 – CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.

The credibility of a witness may be attacked by introducing evidence that on some former occasion the witness made a statement on a matter of fact or acted in a matter inconsistent with his or her testimony in this case or on a matter material to the issues. Evidence of this kind may be considered by you in connection with all the other facts and circumstances in evidence in deciding the weight to be given to the testimony of that witness.

PRELIMINARY INSTRUCTION NO. 4 – EXPERT WITNESSES

A witness may qualify as an expert and give an opinion on a matter at issue if the witness has special knowledge, skill, experience, training, or education in a particular science, profession, or occupation.  In deciding the weight to give the opinion, you should consider the expert's qualifications and credibility and the reasons for the opinion.  You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.  You are not bound by the opinion; therefore, if you should decide that the opinion of an expert witness is not based on sufficient education and experience, or if you should conclude that the reasons for the opinion are unsound, or that the other evidence outweighs the opinion, you may disregard the opinion entirely.

PRELIMINARY INSTRUCTION NO. 5 –

BENCH CONFERENCES AND RECESSES

During the trial it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

## PRELIMINARY INSTRUCTION NO. 6 – NOTE-TAKING

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and the court reporter should not be required to read back lengthy testimony. You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness.

Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you do not take notes, you should rely on your own independent recollection of the proceedings and you should not be influenced by the notes of other jurors. I emphasize that notes are not entitled to any greater weight than the recollection or impression of each juror as to what the testimony might have been. When you leave at night, your notes will be secured and not read by anyone.

PRELIMINARY INSTRUCTION NO. 7 – QUESTIONS BY JURORS

The court will permit jurors to submit written questions during the course of the trial, while the witness is on the stand.  Such questions must be submitted to the court, by the juror handing the question to the court security officer, but, depending upon the court's ruling on the questions, the court may not submit them to the witness.  The court will ask such questions at the conclusion of a witness' testimony.  If the rules of evidence do not permit a particular question, I will so advise you.  Following your questions, if any, the attorneys may ask additional questions.

PRELIMINARY INSTRUCTION NO. 8 – CONDUCT OF THE JURY

Finally, to insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

Second, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

Third, when you are outside the courtroom do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to me.

Fourth, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case — you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side — even if it is simply to pass the time of day — an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you.

Fifth, do not read any news stories or articles about the case.

Sixth, do not do any research or make any investigation about the case on your own.

Seventh, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

PRELIMINARY INSTRUCTION NO. 9 – OUTLINE OF THE TRIAL

The trial will proceed in the following manner:

First, the plaintiff's attorney will make an opening statement. Next the defendants' attorney may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The plaintiff will then present its evidence and call witnesses, and counsel for defendants may, but has no obligation to, cross-examine. Following the plaintiff's case, the defendants may present evidence, testify or call other witnesses. If the defendants call witnesses, the plaintiff's counsel may cross-examine them.

After presentation of evidence is completed, the court will instruct you further on the law. The attorneys will then make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. After that you will retire to deliberate on your verdict.

FINAL INSTRUCTION NO. 1 –

INTRODUCTION AND DEFINITIONS

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect.  I will now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now.  You must not single out some instructions and ignore others, because all are important.  This is true even though some of those I gave you at the beginning of trial are not repeated here.

The instructions I am about to give you now as well as those I gave you earlier are in writing and will be available to you in the jury room.  I emphasize, however, that this does not mean they are more important than my earlier instructions.  Again, all instructions, whenever given and whether in writing or not, must be followed.

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict should be.

FINAL INSTRUCTION NO. 2 – BURDEN OF PROOF

In these instructions you are told that your verdict depends on whether you find certain facts have been proved.  The burden of proving a fact is upon the party whose claim or defense depends upon that fact.  The party who has the burden of proving a fact must prove it by the greater weight of the evidence.  To prove something by the greater weight of the evidence is to prove that it is more likely true than not true.  It is determined by considering all of the evidence and deciding which evidence is more believable.  If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved.

The greater weight of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

## FINAL INSTRUCTION NO. 3 – FAIR TREATMENT OF PARTIES

The fact that parties to this action are corporations is immaterial.  In the eyes of the law, corporations are individual parties to the lawsuit, and all parties are entitled to the same impartial treatment.

## FINAL INSTRUCTION NO. 4 – CORPORATE EMPLOYEES

A corporation can only act through its officers, employees, and agents. Any act or omission of an officer, employee, or agent within the scope of his or her employment is the act or omission of the corporation for which he or she was then acting.

FINAL INSTRUCTION NO. 5 – LIABILITY OF PARENT CORPORATION

Torres alleges that Constitution State Services acted as an agent of Travelers Insurance Company, and Travelers is, therefore, liable for any actions of CSS.

To determine whether an agency relationship exists, you must examine the relations of the parties as they exist under their agreement or acts. An actual agency exists if the following three factual elements are present:

(1)     Manifestation by Travelers that CSS shall act for Travelers;

(2)     CSS's acceptance of the undertaking; and

(3)     The understanding of the parties that Travelers is to be in control of the undertaking.

In other words, actual agency exists if the relationship is expressly created by an agreement whereby Travelers (the principal) appoints CSS (the agent) who agrees to serve in that capacity.

An ostensible agency exists where the law implies an agency relationship because Travelers (the principal) affirmatively, intentionally, or by lack of ordinary care causes a third party to believe another is serving as the agent for Travelers (the principal), but who is not actually appointed. An ostensible agency must be traceable to the acts or omissions of Travelers (the principal) and cannot be established solely by the acts, declarations, or conduct of CSS (the agent).

Travelers (the principal) is liable for injuries to Torres that are caused by the negligence of CSS (the agent) when such negligence occurs within the scope of CSS's authority.

19

## FINAL INSTRUCTION NO. 6 – MULTIPLE DEFENDANTS

There are three defendants in this lawsuit.  The rights of these defendants are separate and distinct.  You should decide the case of each defendant separately, as if it were a separate lawsuit.  All of these jury instructions apply to each defendant unless otherwise specified.

FINAL INSTRUCTION NO. 7 – BAD FAITH – DUTY OF PARTIES

Every insurance contract in South Dakota includes a duty that both parties act and deal with one another in good faith. This duty means that neither party will do anything to injure the rights of the other in receiving the benefits of the agreement. The requirements of good faith and fair dealing imposed on insurance companies apply with equal force to those responsible for providing insurance to employees under the laws of workers' compensation.

FINAL INSTRUCTION NO. 8 – ELEMENTS – BAD FAITH

To establish that defendants are liable to Torres for bad faith, Torres must prove each of the following three elements by the greater weight of the evidence:

**One, defendants did not have a reasonable basis for denying policy benefits;**

**Two, defendants knew they did not have a reasonable basis for denying policy benefits, or acted with reckless disregard in determining whether they had a reasonable basis; and**

You may conclude that defendants did not have a reasonable basis for its action or inaction if you find by greater convincing force of evidence that defendants recklessly disregarded the facts submitted by Torres, the law, or failed to make a reasonable investigation of the claim.

However, you are further instructed that defendants may challenge claims which are fairly debatable and can be held liable only where it has knowledge of or recklessly denied or failed to pay a claim without a reasonable basis.

**Three, Torres sustained a pecuniary loss due to the conduct of defendants.**

To determine whether Torres suffered a pecuniary loss, you can consider the following factor: whether she incurred any out-of-pocket attorneys' fees and costs for which she was not compensated.

It is your job to determine whether defendants' actions were in bad faith and this question must be based upon the facts and law available to defendants at the time each made its decision to deny the claim or failed to comply with a duty under the insurance contract of Torres.

If you find that each of the three elements has been proved by the greater weight of the evidence, your verdict should be for Torres.  If, on the other hand, any of these elements has not been proved by the greater weight of the evidence, then your verdict must be for defendants on the issue of bad faith.

FINAL INSTRUCTION NO. 9 – THIRD PARTY ADMINISTRATOR

An insurance company cannot relieve itself of its obligation of good faith and fair dealing by contracting out its responsibilities to a third party administrator, and in cases where the third party claims administrator commits acts of bad faith, both the claims administrator and the insurance company that is responsible for paying the claim can be held liable.

## FINAL INSTRUCTION NO. 10 – AGENCY

Michael Hickey was the agent of defendants at all relevant times.  Therefore, any act or omission of Hickey's is considered the act or omission of defendants.

## FINAL INSTRUCTION NO. 11 – WORKERS' COMPENSATION

To determine whether defendants had a reasonable basis to deny payment of Torres' workers' compensation benefits, you need to know about the workers' compensation program.

**Employee's Duties**

In order to establish eligibility for workers' compensation insurance coverage, an injured employee must establish a causal connection between her injury and her employment. No injury is compensable unless the employment or employment related activities are a major contributing cause of the condition. This causation requirement does not mean that the employee must prove that her employment was the proximate, direct, or sole cause of her injury; rather, the employee must show that her employment was one of the major contributing factors to her injury.

An injured employee must give his or her employer written notice of a work related injury within three business days, in order for the employee to be eligible for coverage under the employer's workers' compensation insurance. Alternatively, the employee must show that the employer had actual notice of the injury. The notice need not be in any particular form but must advise the employer of when, where, and how the injury occurred. When an injury is gradual and progressive in nature, the date of the injury is the date when pain prevents the employee from continuing to work.

The three-day time period does not begin to run until the employee, as a reasonable person, has enough facts in order to recognize the nature, seriousness, and probable compensable character of her injury or disease. The reasonableness of employees' conduct should be judged in light of her own education and intelligence, not in the light of the standard of some hypothetical person of the kind who is familiar to tort law.

### Employer's Duties

The insurer shall make an investigation of a workers' compensation claim and shall notify the injured employee and the Department of Labor, in writing, within 20 days from its receipt of the report, if it denies coverage in whole or in part. If the insurer denies coverage in whole or in part, it shall state the reasons therefore and notify the claimant of the right to a hearing.

### Independent Medical Exams

If requested by the employer, an employee entitled to receive workers' compensation disability benefits shall be required, at the employer's expense, to be examined by a duly qualified medical practitioner or surgeon selected by the employer, as soon as practicable after the injury, one week later, and thereafter at intervals not more than once every four weeks. Such examinations shall be for the purpose of determining the nature, extent, and probable duration of the injury received by the employee, and for determining the amount of compensation which may be due the employee.

Once the employee has provided the employer with notice and the employer has selected or acquiesced to a physician, the employer has no authority to approve or disapprove the treatment rendered.  It is in the doctor's province to determine what is necessary, or suitable and proper.  When a disagreement arises as to the treatment rendered, or recommended by the physician, it is for the employer to show that the treatment was not necessary or suitable or proper.

FINAL INSTRUCTION NO. 12 – OTHER INSURANCE

The fact that an employee may have other insurance does not relieve the workers' compensation insurer of the responsibility of providing medical care to the injured employee, as it is not intended that the employer or insurer should benefit from other insurance carried by the worker.

FINAL INSTRUCTION NO. 13 – COMPENSATORY DAMAGES

If you decide for Torres on the question of liability on her claim for bad faith, you must then fix the amount of money which will reasonably and fairly compensate Torres for any of the following elements of loss or harm suffered in person proved by the evidence to have been proximately caused by defendants' conduct, whether such loss or harm could have been anticipated or not, namely:

(1)     Any out-of-pocket expenses for which she was not compensated, including but not limited to reasonable attorneys' fees and costs incurred in litigating her workers' compensation action before the Department of Labor.

Reasonable attorneys' fees and costs is defined for you in Final Instruction No. 14.

(2)     Mental anguish and emotional distress experienced in the past and reasonably certain to be experienced in the future as a result of defendants' conduct.

Whether any of these elements of damages have been proved by the evidence is for you to determine.  Your verdict must be based on evidence and not upon speculation, guesswork, or conjecture.

## FINAL INSTRUCTION NO. 14 – ATTORNEYS' FEES

Torres seeks, as damages, the attorneys' fees and costs that she alleges she incurred in litigating the issue of whether she was entitled to benefits and payment of medical expenses before the South Dakota Department of Labor.  The burden is on Torres to prove that the fees and costs she seeks were incurred in establishing that she was entitled to such benefits, and that the fees and costs were reasonably necessary to achieve that result.

In determining whether attorneys' fees and costs are reasonable, you must consider these factors:

(1)   the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2)   the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3)   the fee customarily charged in the locality for similar legal services;

(4)   the amount involved and the results obtained;

(5)   the time limitations imposed by the client or by the circumstances;

(6)   the nature and length of the professional relationship with the client;

(7)   the experience, reputation, and the ability of the lawyer or lawyers performing the services; and

(8)   whether the fee is fixed or contingent.

The fee should not be based on any one single factor but all of these matters should be taken into consideration.  It is the reasonableness of the fee, and not the arrangements the attorney and the client may have agreed upon, which is controlling.

## FINAL INSTRUCTION NO. 15 – MITIGATION OF DAMAGES

In determining the amount of money which will reasonably compensate Torres, you are instructed that a person who suffers personal injury must exercise reasonable care to minimize or prevent any injuries or damages.  Torres cannot recover for damages which could have been avoided by such exercise of reasonable care.  The burden of proof to establish the fact that Torres failed to minimize damages is on defendants.

## FINAL INSTRUCTION NO. 16 – INTEREST

Any person who is entitled to recover damages is entitled to recover interest thereon from the day that the loss or damage occurred except:

(1)    During a period of time, the person liable for the damages was prevented by law, or an act of the person entitled to recover the damages from paying the damages, or

(2)    Interest is not recoverable on damages which will occur in the future, punitive damages, or intangible damages such as pain and suffering, emotional distress, loss of consortium, injury to credit, reputation or financial standing, loss of enjoyment of life, or loss of society and companionship.

You must decide:

(1)    the amount of damages (if any), and

(2)    the amount of damages which are subject to prejudgment interest (if any), and

(3)    the date or dates on which the damages occurred.

If you return a verdict for Torres, you must indicate on the verdict form whether you find Torres is entitled to prejudgment interest, and if so, the amount of damages upon which interest is granted and the beginning date of such interest.  Based upon your findings, the Court will calculate the amount of interest that Torres is entitled to recover.

FINAL INSTRUCTION NO. 17 – PUNITIVE DAMAGES

In addition to any actual damages that you may award to Torres, you may also, in your discretion, award punitive damages if you find that Torres suffered injury to person or property through the oppression, fraud, malice, intentional misconduct, or willful and wanton misconduct of defendants. Torres has the burden of proof on the issue of punitive damages. The purpose of awarding punitive damages is to set an example and to punish the defendant.

"Oppression" is conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.

"Malice" is not simply the doing of an unlawful or injurious act; it implies that the act complained of was conceived in the spirit of mischief, or of criminal indifference to civil obligations. Malice may be inferred from the surrounding facts and circumstances.

Actual malice is a positive state of mind, evidenced by the positive desire and intention to injure another, actuated by hatred or ill will toward that person. Presumed, or legal, malice is malice which the law infers from or imputes to certain acts. Legal malice may be imputed to an act if the person acts willfully or wantonly to the injury of the other in reckless disregard of the other's rights. Hatred or ill will is not always necessary.

Conduct is "intentional" when a person acts or fails to act, for the purpose of causing injury or knowing that injury is substantially certain to occur.

"Willful and wanton misconduct" is more than negligent conduct, but less than intentional conduct. Conduct is willful and wanton when a person acts or fails to act when the person knows, or should have known, that injury is likely to occur.

To be willful or wanton, defendants must have either consciously realized that their conduct would in all probability, as distinguished from

possibility, harm Torres, or they must have acted with reckless indifference to facts relevant to Torres' insurance claim

Knowledge or intent may be inferred from the person's conduct and the surrounding circumstances.

If you find that punitive damages should be allowed, then in determining the amount, you should consider the following factors:

(1)     The amount allowed in actual damages;

(2)     The nature and the enormity of the wrong;

(3)     The intent of the defendant;

(4)     The defendant's financial condition; and

(5)     All of the circumstances concerning the defendant's actions, including any mitigating circumstances which may operate to reduce, without wholly defeating, punitive damages.

You may not consider any one factor alone, but should consider all five factors in determining the amount, if any, of an award.

## FINAL INSTRUCTION NO. 18 – ADVERSE INFERENCE

If a party has the power to produce evidence but fails or refuses to produce such evidence, you may infer that that evidence would not have been favorable to such party.

This rule applies if and only if you find the following facts:

(1)   The party, with exercise of reasonable diligence, could have produced such evidence;

(2)   A reasonably prudent person in the same circumstances would have produced such evidence if the party believed that such evidence would be favorable;

(3)   No reasonable excuse exists for the failure of such party to produce such evidence; and

(4)   The evidence was not equally available to the adverse party or parties.

FINAL INSTRUCTION NO. 19 – DUTIES DURING DELIBERATIONS

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges — judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or court security officer signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court.

Remember that you should not tell anyone — including me — how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be — that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or court security officer that you are ready to return to the courtroom.

Dated January *16*, 2004.

Karen E. Schreier

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE